OPINION
{¶ 1} This is an appeal from the New Philadelphia Municipal Court.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellee purchased a 1986 Ford Escort automobile from appellant.
 {¶ 3} The magistrate determined from evidence presented that the vehicle was sold "as is" but that certain express representations were made by the salesman as to the car's fitness for the transportation needs of appellee, a student at the University of Cincinnati.
 {¶ 4} The magistrate also determined that the Escort broke down one to one and one-half weeks after purchase and that it was returned to appellant.
 {¶ 5} The magistrate determined the salesman's representations, as violations of R.C. § 1345.02(B)(1) and (2) were deceptive and warranted judgment and treble damages up to the prayer of the complaint of $3,000.00.
 {¶ 6} Objections to the magistrate's decision were filed on January 22, 2002.
 {¶ 7} On January 25, 2002 the trial court notified appellant of the need to provide a transcript of testimony.
 {¶ 8} No transcript was filed, nor was there a request for extension, and the trial court, without an available record to review, overruled the objections and sustained the magistrate's decision.
 ASSIGNMENTS OF ERROR {¶ 9} The following Assignments of Error are presented:
I.
 {¶ 10} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION."
II.
 {¶ 11} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT REVERSING THE MAGISTRATE'S DECISION."
 I. {¶ 12} The first Assignment of Error is not well taken.
 {¶ 13} While a transcript has accompanied this appeal, we must review the decision of the Judge from the standpoint of her position in reviewing the magistrate's decision and the objections thereto without a transcript of the testimony presented.
 {¶ 14} Even though an attempt was made to obtain a transcript, as this Court held in a similar procedural case in Dawson v. Dawson
(1999), 199WL770795:
 {¶ 15} "Under Civ.R. 53(E), the party objecting has the burden of demonstrating those objections through the record. Failure to provide an acceptable record to the trial court allows the trial court to disregard any objections to factual matters which have been challenged. Belock v. Belock (Mar. 25, 1994), Geauga App. No. 92-G-1748, unreported. Although appellant requested the transcript be filed with the clerk of courts prior to the hearing on his objections, under Civ.R. 53(E), the burden remained on appellant to ensure the transcript was actually filed, with the clerk of courts, prior to the trial court ruling on his objections."
 {¶ 16} Appellant states that the lack of knowledge by appellant as to the necessity of a subpoena in this small claims action is a sufficient basis for the reviewing trial Judge to exercise discretion to hear additional evidence under Civ.R. 53(E)(4)(b) in the interest of justice. This is not well taken in that abuse of discretion is not asserted as an Assignment of Error and therefore this is not before us for consideration.
 {¶ 17} In addition, such rule also provides:
 {¶ 18} "The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration."
 {¶ 19} The mere fact that an unrepresented appellant fails to issue a subpoena is not a basis to hear additional evidence.
 {¶ 20} Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.
 {¶ 21} The first Assignment of Error is therefore rejected.
 II. {¶ 22} In addressing the second Assignment of Error we note that the Ohio Supreme Court in Demcan v. Chippewa Township Trustees (1995),73 Ohio St.3d 728 has stated:
 {¶ 23} "When party objecting to referee's report has failed to provide trial court with evidence and documents by which court could make finding independent of report, appellate review of court's findings is limited to whether trial court abused its discretion in adopting referee's report, and appellate court is precluded from considering transcript of hearing submitted with appellate record."
 {¶ 24} Such Court previously considered the absence of a transcript as part of the record in State v. Ishmail (1978),54 Ohio St.2d 402, a post-conviction appeal, in which it held:
 {¶ 25} "Where a trial court, in denying a petition for post-conviction relief pursuant to R.C. 2953.21, does not consider a transcript of proceedings of the hearing at which the guilty pleas were entered, a Court of Appeals cannot add that transcript to the record before it and then decide the appeal on the basis of matter disclosed by the transcript."
 {¶ 26} We are therefore placed in the position of reviewing the trial court's legal conclusions without consideration of the transcript which is not part of the record, as opposed to the factual findings, even though appellant's brief and reply brief and appellee's brief extensively reference testimony in the transcript.
 {¶ 27} The only possible basis argued in support of this Assignment of Error is that the trial court had before it the Exhibits which indicated the vehicle was purchased "as is".
 {¶ 28} Appellant's argument that the trial court, in reviewing the magistrate's decision, had before it the exhibits and, as a matter of law, even without a transcript, was required to reverse the decision, is not well taken as conflicts appear in the exhibits which perhaps required oral explanation testimony. For example, appellee's "Exhibit Two", being the contract of purchase and "Exhibit One", the buyer's guide are not signed by the appellant. "Exhibit Two" provides that such order is not binding until accepted by the dealer. The acceptance is blank.
 {¶ 29} Also, while "Exhibit Two" recites that no guarantee, express or implied, is given, the "as is" box is not marked.
 {¶ 30} Revised Code § 1302.29(C)(1) in eliminating warranties by the inclusion of an "as is" clause also states "unless the circumstances indicate otherwise".
 {¶ 31} Also, as the court held in Peterman v. Waite, 1980WL131229 (Ohio App. 5 Dist.), R.C. § 1345.02 describes an unfair or deceptive act when it states in (B)(2): "That the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription or model, if it is not. . .".
 {¶ 32} While appellant is correct that "as is" appears in the contract of purchase, the trial court was without testimony as to any binding actions taken to modify such terms by the salesman. Therefore, we conclude that the record before both the trial court and this Court is insufficient to sustain this second Assignment of Error as the trial court, even as a matter of law could not rely solely on the Exhibits to reach a reversal of the magistrate's decision.
 {¶ 33} This cause is affirmed.
By: Boggins, J., Hoffman, P.J. and Edwards, J. concur.
Topic: Consumer Sales.